UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORTNEY ALLEN SCOTT,

        Plaintiff,

  v.

        Case No. 25-cv-646-pp

MILWAUKEE COUNTY CHILD SUPPORT SERVICES,
MILWAUKEE COUNTY, DAVID CROWLEY,
STATE OF WISCONSIN, JEFF PERTL
and JOHN DOES 1-10,

        Defendants.

**ORDER GRANTING AMENDED MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6), SCREENING COMPLAINT AND DISMISSING CASE FOR LACK OF JURISDICTION**

On May 2, 2025, the plaintiff—who is representing himself—filed a complaint alleging that the defendants had violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. He also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff's motion to proceed without prepaying the filing fee did not contain enough information for the court to assess his ability to pay that fee, so the court ordered that if he wanted to proceed with the case, he must either file an amended motion or pay the full filing fee. Dkt. No. 5. The court received the plaintiff's amended motion on July 1, 2025. Dkt. No. 6.

The court will grant the plaintiff's amended motion for leave to proceed without prepaying the filing fee but will dismiss the case for lack of federal subject-matter jurisdiction.

1

## I. Amended Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 6)

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that he is married with three dependent children. Dkt. No. 6 at 1. He states that he is employed with S&C Global Electric Company in Franklin, Wisconsin and lists his total monthly wages or salary at $3,500. Id. at 1–2. He states that his spouse is employed and receives $2,000 in monthly wages or salary, making their total monthly household income $5,500. Id. at 1–2. The plaintiff's monthly expenses include $750 in rent, $1,008.75 in car payments, $22 in alimony or child support, $800 in credit card payments, $2,080 in other household expenses, $500 in gas and car maintenance and $400 in business expenses. Id. at 2–3. That totals $5,560.75, which is slightly higher than the plaintiff's monthly household income. Id. at 3. The plaintiff states that he owns two cars, a 2014 Hyundai Santa Fe and a 2021 Hyundai Palisade. Id. at 3. He has approximately $56 in stocks and currently holds $150 in cash, a checking or savings account. Id. at 3–4. The plaintiff also states that he and his wife have debts totaling $64,279.05. Id. at 4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his amended motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

**II.     Screening the Complaint**

   A.     Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

3

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B. The Complaint

The complaint (which was not prepared on this court's official form) states that the plaintiff "seeks declaratory, injunctive, and monetary relief for violations of his constitutional rights committed by Defendants in their administration and enforcement of child support obligations." Dkt. No. 1 at ¶1. The plaintiff alleges that the defendants violated "the Equal Protection Clause, the Procedural Due Process Clause, the Substantive Due Process Clause, the Takings Clause, and the First Amendment of the United States Constitution." Id. at ¶2.

The plaintiff is suing Milwaukee County Child Support Services (which he states is a governmental agency responsible for child support enforcement in Milwaukee County), Milwaukee County, David Crowley (whom he states is

4

the Milwaukee County executive with oversight over child support services and is being sued in his official capacity), the state of Wisconsin (which he states is responsible for administering Title IV-D child support enforcement programs), Jeff Pertl (whom he states is the Secretary-Designee of the Wisconsin Department of Children and Families and is being sued in his official capacity), and John Does 1-10 (whom he states are unknown individuals involved in the enforcement actions taken against the plaintiff and are being sued in their individual capacities). Id. at ¶¶6–11.

The plaintiff alleges that he is the biological father of A.L.S., a daughter born November 2, 2010. Id. at ¶12. He alleges that in 2011, a child support order was entered granting him shared legal custody of A.L.S., but no physical custody. Id. at ¶13. He alleges that he paid child support from 2011 through 2024, "far exceeding the approximate one year of daycare assistance provided by the State." Id. at ¶14.

According to the plaintiff, in 2023, A.L.S.'s mother, Judith Lynn Elliot, relocated A.L.S. to Texas without notice, the plaintiff's consent or court approval. Id. at ¶15. The plaintiff alleges that he "informed Milwaukee County Child Support Services and the family court of the abduction but received no assistance or remedy." Id. at ¶16. The plaintiff states that his child support obligation still was enforced "despite the deprivation of his parental rights." Id. at ¶17. The plaintiff alleges that he was "denied notice of his daughter's whereabouts and an opportunity to contest enforcement actions, contrary to fundamental procedural due process requirements." Id. at ¶18.

In Count I, the plaintiff alleges that the defendants "enforced child support obligations against Plaintiff in a discriminatory manner, favoring custodial mothers while failing to apply similar enforcement standards to mothers who violate custody and placement orders." Id. at ¶20. He asserts that this violated the Equal Protection Clause of the Fourteenth Amendment. Id. at ¶21.

In Count II, the plaintiff alleges that the defendants deprived him of wages and his parental relationship with A.L.S. "without adequate notice, hearing, or meaningful opportunity to contest the actions," in violation of the Procedural Due Process Clause of the Fourteenth Amendment. Id. at ¶¶23–24.

In Count III, the plaintiff alleges that the defendants unlawfully interfered with his "fundamental right to parent and maintain a relationship with his biological child" in violation of the substantive Due Process Clause of the Fourteenth Amendment. Id. at ¶¶26–27.

In Count IV, the plaintiff alleges that the defendants "continued to extract child support payments from Plaintiff beyond the State's reimbursable interest," which he says constitutes a taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments. Id. at ¶¶29–30.

In Count V, the plaintiff alleges that the defendants retaliated against him for asserting parental rights and contesting child support enforcement, "chilling his exercise of protected speech and petitioning rights" in violation of the First Amendment. Id. at ¶¶32–33.

6

In Count VI, the plaintiff brings a claim under Monell v. Department of Social Services, 436 U.S. 658 (1978), alleging that "[t]he violations of Plaintiff's constitutional rights were directly caused by policies, customs, or practices maintained by Defendant Milwaukee County and its agencies, including Milwaukee County Child Support Services" and that Milwaukee County "exhibited deliberate indifference to Plaintiff's constitutional rights by failing to properly train, supervise, or control its employees." Id. at ¶¶35–37.

The plaintiff asks the court to enter a declaratory judgment stating that the defendants' actions violated the plaintiff's rights, issue a permanent injunction prohibiting the defendants from continuing unconstitutional practices and award compensatory and punitive damages, attorneys' fees and costs. Id. at 4.

C.    <u>Analysis</u>

The plaintiff appears to be challenging custody and child support decisions made by the defendants related to his daughter, A.L.S. This federal court first must determine whether it has jurisdiction over this claim. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of state law unless the plaintiff lives in a

7

different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff asserts that he is suing for a violation of federal law, specifically 42 U.S.C. §1983, and various provisions of the Constitution, including the Equal Protection Clause, the Procedural Due Process Clause, the Substantive Due Process Clause, the Takings Clause and the First Amendment. Dkt. No. 1 at ¶¶1–2. But "the domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'" Syph v. Arce, 772 F. App'x 356, 357 (7th Cir. 2019) (quoting Marshall v. Marshall, 547 U.S. 293, 307-08 (2006)); Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998). "State courts are assumed to have developed a core proficiency in probate and domestic relations matters and they can decide federal questions at the same time." Syph, 772 F. App'x at 357 (citing Sykes v. Cook Cnty. Cir. Ct. Probate Div., 837 F.3d 736, 741 (7th Cir. 2016)). Because the plaintiff's claims relate to child custody and child support obligations, his lawsuit falls squarely within the domestic-relations exception to federal jurisdiction.

Nor does the court have diversity jurisdiction. For a federal court to have diversity jurisdiction, "the plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under §1332." Eichmann v. Hunter Automated Machinery, Inc., 167 F. Supp. 2d 1070, 1071-72 (E.D. Wis. 2001) (citations omitted). The complaint states that the plaintiff and at least some of the defendants are

8

Wisconsin residents. Dkt. No. 1 at ¶¶5–10. Although the court does not know the citizenship of the John Doe defendants, a case lacks complete diversity if the plaintiff has the same citizenship as even one defendant. This case lacks complete diversity because the plaintiff and some of the defendants have the same state of citizenship.

Because the court has neither diversity jurisdiction nor federal question jurisdiction, it cannot adjudicate the plaintiff's claims. The plaintiff must pursue his challenge to state child custody and child support determinations in state court. See T.W. by Enk v. Brophy, 124 F.3d 893 (7th Cir. 1997) (explaining that dispute over Wisconsin court's custody decree could be refiled in Wisconsin state court). This federal court does not have subject-matter jurisdiction over the dispute.

Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile because the court does not have jurisdiction over the plaintiff's child custody and child support dispute.

### III. Conclusion

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

9

Case 2:25-cv-00646-PP   Filed 07/24/25   Page 9 of 10   Document 7

The court **ORDERS** that this case is **DISMISSED** for lack of federal jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 24th day of July, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**